Virginia Hill Hauser (Deceased) v. Commissioner.
Hauser v. Commissioner
Docket Nos. 36159, 50435.
United States Tax Court
T.C. Memo 1966-262; 1966 Tax Ct. Memo LEXIS 22; 25 T.C.M. (CCH) 1342; T.C.M. (RIA) 66262; December 2, 1966
*22 N. Joseph Ross, 500 Gateway East Bldg., Los Angeles, Calif., and Helen A. Buckley, for the petitioner. Thomas J. Sullivan, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in income tax and additions to tax against petitioner for the taxable years and in the amounts as follows: Additions to Tax
Docket
Sec. 293,
Sec. 294,
No.
Year
Deficiency
I.R.C. 1939
I.R.C. 1939
36159
1942
$13,778.06
$ 6,889.03
1943
16,025.53
7,407.69
$ 923.73
1944
14,197.14
7,098.57
135.00
1945
14,417.14
7,208.57
907.63
1946
14,422.46
7,211.23
1947
13,114.66
6,557.33
747.20
$85,954.99
$42,372.42
$2,713.56
50435
1948
706.31
353.16
In amended pleadings, respondent asserted deficiencies and additions to tax due from petitioner for the years 1943 to 1947, inclusive, as follows: Additions to Tax
Docket
Sec. 293,
Sec. 294,
No.
Year
Deficiency
I.R.C. 1939
I.R.C. 1939
36159
1943
$15,944.12
$ 7,972.06
$3,279.11
1944
25,808.65
12,904.33
1,683.52
1945
25,080.40
12,540.20
1,547.42
1946
58,152.40
29,076.20
1947
34,062.61
17,031.31
2,004.08
*23 The questions for decision are (1) did petitioner have income during the years in issue which she failed to report in her Federal income tax returns for those years and (2) if so, were such omissions fraudulent, thereby permitting assessment of deficiencies asserted by respondent and subjecting petitioner to certain additions to tax under sections 293 and 294 of the Internal Revenue Code of 1939. Findings of Fact On or about March 24, 1966, petitioner was found dead near Salzburg, Austria. A jeopardy assessment in the amount of $33,468.38 was made against petitioner in 1951. The amounts collected on jeopardy assessment were applied against the deficiencies in petitioner's income tax asserted by respondent for the taxable years 1942 and 1944. In his notice of deficiency dated July 25, 1951, respondent determined that petitioner, in each of the years 1942 through 1944, had income in the amount of $23,407.56, and in each of the years 1945 through 1947 had income in the amount of $23,407.55 which was not reported on her Federal income tax returns. In his notice of deficiency dated June 9, 1953, respondent determined that petitioner had taxable income of $7,701.51 for the taxable *24 year ended December 31, 1948, which petitioner failed to report on her income tax return for that year. Opinion The instant case, which has been continued from numerous trial calendars over the past 12 years, involves deficiencies and additions to tax for fraud asserted by respondent against petitioner for the taxable years 1942 to 1948, inclusive. Respondent concedes that all of those years are barred for assessment absent a means to toll the statute of limitations. In his pleadings, he has asserted that the statute of limitations does not prohibit assessment for any of the years involved herein because of alleged fraud on the part of petitioner. The deficiencies and additions to tax involved in the original notice of deficiency amount to $132,100.44, not to mention the increased deficiencies asserted in the amended pleadings. In addition to the case at bar, there is also outstanding an assessment against petitioner for the years 1949 to 1951, inclusive, for income tax and additions to tax in the amount of $90,031.30, plus interest of approximately $50,000. During the trial proceedings herein, respondent stated that he is convinced that petitioner's only asset in the United *25 States is cash, in the amount of $33,468.33, seized by the United States in 1951 by means of a jeopardy assessment. Accordingly, respondent is of the opinion that he can satisfy only a portion of the assessment plus interest already outstanding, not to mention the $132,100.44 deficiency and additions to tax asserted herein. Respondent's case against petitioner is based upon alleged expenditures made by petitioner in various parts of the United States. Respondent estimates that he would have to call approximately 200 witnesses from all over the country in order to prove the said expenditures. He also estimates that a trial of this case would cost in excess of $20,000 in witness fees and travel and per diem expenses of witnesses without taking into account the cost of the Government personnel who would necessarily be involved in such proceedings and the costs that would be incurred by this Court. In view of respondent's belief that outstanding assessments against petitioner exceed the amount of petitioner's collectible assets by three times, he concludes that it would be fruitless and [uneconomical] to expend large sums of Government funds in attempting to prove his position in *26 the case at bar. Respondent, for obviously practicl reasons, has chosen not to offer any evidence. Respondent has not conceded the question of the existence of fraud on the part of petitioner but merely has elected not to prove the fraud which he has alleged. Respondent has the burden of proving the existence of fraud on the part of petitioner. Due to his election not to introduce any evidence showing fraud, he has failed to meet his burden. Consequently, the statute of limitations bars any assessment of deficiencies against petitioner during the years in issue and no additions to tax are owing. Moreover, an overpayment exists in the taxable years 1942 and 1944 resulting from respondent's application of the proceeds of the aforesaid jeopardy assessment against the deficiencies which he asserted in those two years. Due to our holding that no deficiencies exist in any of the years before us and in order to make proper adjustment in the application of the proceeds of the jeopardy assessment to the outstanding assessments for the years 1949 through 1951, Decision will be entered under Rule 50 in Docket No. 36159. Decision will be entered for the petitioner in Docket No. 50435.